# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA a/s/o DANIEL PRECOURT, <br><br>    *Plaintiff*, <br><br> v. <br><br> NIDEC MOTOR CORPORATION and ELECTROLUX HOME PRODUCTS, INC., <br>    *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO.  4:20-CV-00183-ALM <br> JURY |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Electrolux Home Products, Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. #27) and Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (Dkt. #28). Having considered the motions and the relevant pleadings, the Court finds that both Motions are **DENIED**.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After a careful review of the current complaint, the motions to dismiss, the responses, and the replies, the Court finds that Safeco Insurance Company of Indiana has stated plausible claims for purposes of defeating a Rule 12(b)(6) Motion to Dismiss.[1]  Accordingly, the Court finds that both Motions should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Electrolux Home Products, Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. #27) is hereby **DENIED**.

It is further **ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (Dkt. #28) is hereby **DENIED**.

**SIGNED this 10th day of August, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Nidec Motor Corporation asserts that Safeco's breach of warranty claims are barred by the relevant statute of limitations.  Given that there are fact issues surrounding this assertion, the Court finds it appropriate to address any statute of limitations issues at the summary judgment stage.