# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA a/s/o DANIEL PRECOURT, | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO.**  4:20-CV-00183-ALM |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| NIDEC MOTOR CORPORATION and | § | |
| ELECTROLUX HOME PRODUCTS, | § | |
| INC., | § | |
| *Defendant.* | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Third-Party Defendant PPM North America, Inc.'s Motion to Dismiss (Dkt. #49). Having considered the motion and the relevant pleadings, the Court finds that the Motion should be denied.

## BACKGROUND

On January 26, 2018, a flooding event occurred in Allen, Texas, at the home of Daniel Precourt, when an icemaker failed and released water into the home's interior (Dkt. #12 ¶ 9). Safeco Insurance Company of Indiana, as subrogee of Daniel Precourt, brought this action claiming the icemaker was manufactured and/or distributed by Defendant Electrolux Home Products, Inc., ("Electrolux"), and claiming the defective valve was manufactured and/or distributed by Nidec Motor Corporation ("Nidec") (Dkt. #12 ¶¶ 10, 11).

Plaintiff originally filed this suit in the 471st Judicial District Court of Collin County, Texas. Nidec filed its notice of removal on February 6, 2020. Plaintiff amended its complaint on April 10, 2020 (Dkt. #12). On September 8, 2020, Nidec filed its Third-Party Complaint (Dkt. #41) against Precision Products (ShenZhen) Manufacturing Limited of LongGang District ("PPM ShenZhen") and PPM North America, Inc., ("PPM North America") (collectively the "Third-Party

Defendants"). Nidec claimed the valve that malfunctioned was the same type of valve it bought from PPM ShenZhen. In the Third-Party Complaint, Nidec seeks contractual indemnification, statutory indemnification, contribution, and attorneys' fees.

## LEGAL STANDARD

### I.      12(b)(2) Standard

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir.

2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant.  *Id.*  And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution.  *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).  Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees.  *Bullion*, 895 F.2d at 216.  The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8

(1984)).  Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed."  *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted).  However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."  *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state.  *Helicopteros*, 466 U.S. at 414 n.8.  For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."  *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions."  *Burger King Corp*., 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)).  Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person."  *Id*.

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros*, *Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## II.    12(b)(6) Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I.      12(b)(2)

PPM North America filed its Motion to Dismiss (Dkt. #49) claiming this Court does not have personal jurisdiction over PPM North America and that Nidec failed to allege sufficient facts to state a claim for relief under an alter ego theory. PPM North America claims that the Court does

not have jurisdiction over it because it "is not a party to the Supply Agreement between Nidec and PPM ShenZhen and did not manufacture the valve at issue in this litigation" (Dkt. #49 at p. 5). "A corporation's contacts with the forum state are imputed to the corporation's alter egos." *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188, at *2 (W.D. Tex. July 6, 2017); *see Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) ("While the general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation, courts have recognized an exception to this rule when the corporation is the alter ego of the individual. In these cases, courts attribute a corporation's contacts with the forum state to an individual defendant for jurisdictional purposes."); *see also Jackson*, 615 F.3d at 586 (quoting *Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (5th Cir. 1985)) ("A court which has jurisdiction over a corporation has jurisdiction over its alter egos."). In its Motion, PPM North America's argument rests on the idea that the personal jurisdiction the Court has over PPM ShenZhen cannot be imputed to PPM North America because PPM North America is not the alter-ego of PPM ShenZhen.

In determining whether a corporation is the alter ego of an individual, state law applies. *Windecker v. Hang Wei*, 1:18-CV-00898-LY, 2020 WL 4194017, at *3 (W.D. Tex. July 21, 2020); see also *Sell*, 2017 WL 3712188, at *2. In diversity cases, federal district courts apply the choice-of-law rules of the forum state. *E.g. Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 459 (5th Cir. 2016); *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). Texas law applies the alter ego rules of the state of incorporation. *In re The Heritage Org., L.L.C.*, 413 B.R. 438, 510 (Bankr. N.D. Tex. 2009) (citing *Alberto v. Diversified Group Inc.*, 55 F.3d 201, 203 (5th Cir. 1995); *The Richards Group, Inc. v. Brock*, No. 06–0799, 2008 WL 2787899, at *2 (N.D. Tex. July 18, 2008); *ASARCO LLC v. Am. Min. Corp.*, 382 B.R. 49, 64–65 (S.D. Tex. 2007)). Thus, the

alter ego issue is governed by Delaware law because PPM North America is a registered domestic corporation in Delaware.

Under Delaware law, "[i]n order for the corporate form to be disregarded under the alter ego doctrine, the plaintiff must show 'some fraud, injustice, or inequity in the use of the corporate form.'" *CNH Am. LLC v. Kinzenbaw*, No. C.A. 08–945, 2009 WL 3737653, at *1 (D. Del. Nov. 9, 2009) (quoting *Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366–67 (D. Del. 2009)). "In determining whether the corporate form has been so abused, courts are directed to consider a variety of factors, including: (1) 'whether the corporation was adequately capitalized for the corporate undertaking,' (2) 'whether the corporation was solvent,' (3), 'whether dividends were paid, corporate records kept, officers and directors function properly, and other corporate formalities were observed,' (4) 'whether the dominant shareholder siphoned corporate funds,' and (5) 'whether, in general, the corporation simply functioned as a façade for the dominant shareholder.'" *Sell*, 2017 WL 3712188, at *2 (citing *Maloney–Refaie v. Bridge at Sch., Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008).

For jurisdictional purposes, however, Nidec need only make a prima facie showing of PPM North America's alter ego status. *See Windecker*, 2020 WL 4194017, at *3; *Stuart v. Spademan*, 772 F.2d 1185, 1198 n.12 (5th Cir. 1985) ("the alter ego test for attribution of contact, i.e., personal jurisdiction, is less stringent than that for liability."); *Sell*, 2017 WL 3712188, at *2.

Nidec's Third-Party Complaint pleads sufficient facts to support a prima facie showing of alter ego such that exercising personal jurisdiction over PPM North America is justified. For example, Nidec alleges that (1) neither PPM North America nor PPM Industries de Mexico S.A.de C.V. ("PPM Mexico") have a publicly accessible website separate from PPM ShenZhen (Dkt. #41 ¶ 14); (2) based on information and belief, Frank Zhu is the President of PPM ShenZhen, Simon

8

Zhu is the General Manager of PPM ShenZhen, and Jeffrey Zheng is a member of the Chinese support team for PPM ShenZhen, and that in March of 2019, PPM North America did not list any corporate officers, and listed Frank Zhu, Simon Zhu, and Jeffrey Zheng as its only directors (Dkt. ¶¶ 22-23); and (3) the directors of PPM North America have failed to observe the corporate formalities required to treat PPM North America as a separate legal entity from PPM ShenZhen (Dkt. #41 ¶ 26). The Court finds Nidec has adequately alleged facts to support a prima facie showing of an alter ego relationship between PPM North America and PPM ShenZhen. The Court therefore finds Nidec has made a sufficient showing for the Court to exercise personal jurisdiction over PPM North America.

## II.    12(b)(6)

PPM North America also claims the Court should dismiss the Third-Party Complaint under Rule 12(b)(6) arguing Nidec failed to allege sufficient facts to state a claim for relief under an alter ego theory. After reviewing the complaint, amended complaint, motion to dismiss, response, reply, and supplemental authorities, the Court finds that Nidec has plausibly alleged sufficient facts to state a claim for relief under an alter ego theory. Accordingly, Nidec's pleadings are sufficient to survive a motion to dismiss under Rule 12(b)(6).

## CONCLUSION

It is therefore **ORDERED** that Third-Party Defendant PPM North America, Inc.'s Motion to Dismiss (Dkt. #49) is hereby **DENIED**.

**SIGNED this 14th day of January, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

9